## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD, ILLINOIS

| | | |
|---|---|---|
| **CHARLES DILLEY, Individually and as Independent Executor for the Estate of CAROL DILLEY, Deceased** | ) ) ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No.: 14-3045** |
| **v.** | ) | |
| | ) | |
| **Tha Nmi Yang** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **Cargill Meat Logistics Solutions Inc.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Plaintiff's Motion to Strike Portion of Defendants' Amended Affirmative Defense (d/e 11) is currently before the Court. The Court DENIES the Motion to Strike because the portion of the affirmative defense Plaintiff contends is improper involves a question of law or fact that the Court will not address at this stage of the case. Furthermore, the portion of the defense at issue here meets the requisite pleading requirements.

On June 19, 2013, Carol Dilley was a passenger on her husband's motorcycle when Tha Nmi Yang struck the motorcycle with the motor tractor and trailer he was driving for his employer, Cargill Meat Logistics Solutions, Inc. Carol Dilley died from the accident. In February of 2014, her husband Charles sued both Tha Nmi Yang and Cargill, alleging negligence and wrongful death.

This is the second motion to strike that Plaintiff Charles Dilley has filed against Defendants Tha Nmi Yang and Cargill Meat Logistics Solutions, Inc. Before the Court ruled on Plaintiff's first Motion to Strike (d/e 5), Defendants sought and obtained leave to file an Amended Answer (d/e 10). The Amended Answer contained a single Affirmative Defense consisting of two paragraphs. The Affirmative Defense asserts that Plaintiff acted or failed to act in a way that made him contributorily negligent. Among these acts or omissions is the allegation that Plaintiff "fail[ed] to wear protective gear." See d/e 10 at 16-17. Plaintiff seeks to strike this sole allegation that Plaintiff was negligent by failing to wear protective gear. Plaintiff contends that because the only "protective gear" Illinois law requires motorcycle riders to have are "goggles, glasses

or a transparent windshield," Defendants' allegation about any failure to wear protective gear is improper.

The Court has wide discretion in determining whether to strike an affirmative defense from a pleading under Federal Rule of Civil Procedure 12(f). Motions to strike are disfavored and will only be granted if the affirmative defense at issue is insufficiently pleaded. Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989) (affirming strike of "bare bones" defenses that offered no "short and plain statement of facts" upon which the defenses were based); see also Williams v. Jader Fuel Co., 944 F.2d 1388, 1400 (7th Cir. 1991). The Court will not strike defenses that are sufficient as a matter of law or present questions of law or fact. Heller, 883 F.2d at 1294.

Whether a defense is legally sufficient is determined by the Federal Rules of Civil Procedure. Id. Affirmative defenses must be set forth in "short and plain statement[s] . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); Heller, 883 F.2d at 1294. That means an affirmative defense need not contain "detailed factual allegations," but must be plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citing Bell Atl. Corp.

v. Twombly, 550 U.S. 544 (2007)); see also OSF Healthcare Sys. v. Banno, No. 08-1096, 2010 WL 431963, at *2 (C.D. Ill. Jan. 29, 2010) (analyzing affirmative defenses under facial plausibility standard of Iqbal); Bank of Montreal v. SK Foods, LLC, No. 09-3479, 2009 WL 3824668, at * 3-4 (N.D. Ill. Nov.13, 2009) (same).

Some courts in this District have refused to apply Iqbal's plausibility standard to affirmative defenses. See, e.g., Leon v. Jacobson Transp. Co., Inc., No. 10-4939, 2010 WL 4810600, at *1 (N.D.Ill. Nov.19, 2010) (recognizing that the Seventh Circuit has not extended Twombly and Iqbal to affirmative defenses); J & J Sports Prods., Inc. v. Munoz, No. 10-1563, 2011 WL 2881285, at *1 (S.D. Ind. July 15, 2011) (same). However, Defendants' affirmative defense satisfies even the plausibility standard. Therefore, the defense is sufficient under Rule 8, whether the Court applies the plausibility standard or not.

Plaintiff is correct that Illinois state law is relevant to the sufficiency of Defendant's affirmative defense. See Williams v. Jader Fuel Co., Inc., 944 F.2d 1388, 1400 (7th Cir. 1991) ("In a diversity case, the legal and factual sufficiency of an affirmative defense is examined with reference to state law."). But the

specificity Plaintiff demands in Defendants' affirmative defense exceeds the plausibility standard the Supreme Court requires for pleadings.  See Iqbal, 556 U.S. at 677-78.

Illinois law requires motorcycle riders to wear goggles or glasses if they are not protected by a transparent shield.  625 ILCS 5/11-1404.  The goggles and gear that Illinois law may or may not have required Plaintiff to wear under Illinois law fall within the broader "protective gear" Defendants refer to in their affirmative defense.  Therefore, Defendants' allegation that Plaintiff was contributorily negligent by, among other things, failing to wear protective gear gives Plaintiff notice of the defense, at the very least, and at most, states a plausible claim for relief.  The relevance of any other protective gear Plaintiff may or may not have been wearing is an issue the Court need not consider at this time.  Accordingly, the Court DENIES Plaintiff's Motion to Strike.

ENTER: June 16, 2014

FOR THE COURT:

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE